*E-FILED - 3/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARMEN YAPUNDZHYAN,

    Plaintiff,

v.

D. TRAVERS, et al.,

    Defendants.

No. C 06-2729 RMW (PR)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE

(Docket No. 12)

Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. Plaintiff has filed a motion for appointment of counsel. The court DENIES plaintiff's motion for appointment of counsel (docket no. 12) without prejudice.

**DISCUSSION**

Plaintiff moves the court for appointment of counsel. Plaintiff requests that the court appoint counsel because he has mental health issues and is unable to comprehend or articulate legal terms. See Pet's Mot. at 1. However, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §1915(e)(1).

1 This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 30 (1989).

The Court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

Here, the court has yet to review the merits of plaintiff's amended complaint. The court finds that exceptional circumstances entitling plaintiff to the appointment of counsel do not exist. The likelihood of plaintiff's success on the merits cannot be ascertained at this point in the proceedings, and the legal issues are not complex. Accordingly, the court concludes that appointment of counsel is premature at this time. Plaintiff's motion for appointment of counsel (docket no. 12) is DENIED without prejudice. The court will review the merits of the amended complaint in a separate written order.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." Plaintiff must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

Dated: 3/12/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

1  This is to certify that on 3/12/08 , a copy of this ruling was mailed to the following:

Armen Yapundzhyan
T-67180
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050