1
2
3
4
5
6            *E-FILED - 10/15/08*
7
8            IN THE UNITED STATES DISTRICT COURT
9
10           FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12  ARMEN YAPUNDZHYAN,              )   No. C 06-2729 RMW (PR)
                                    )
13            Plaintiff,            )   ORDER OF DISMISSAL WITH
                                    )   LEAVE TO AMEND
14      vs.                         )
                                    )
15  COUNSELOR C.C.I. HERRERA, et al.,)
                                    )
16            Defendants.           )
    _____)

17          Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant

18  to 42 U.S.C. § 1983.  On March 2, 2007, the court ordered plaintiff to file an amended complaint

19  because his original complaint failed to state a cognizable claim and failed to link the named

20  defendants to the alleged cause of action.  Plaintiff filed an amended complaint on March 30,

21  2007.  Pursuant to 28 U.S.C. § 1915, the court again dismisses plaintiff's complaint with leave to

22  amend.

23                              **STATEMENT**

24          Plaintiff alleges that on September 8, 2005, during his incarceration at Salinas Valley

25  State Prison, he was housed in the Administrative Segregation Unit ("ASU") pending an

26  investigation into his alleged misconduct.  Plaintiff claims that his right to due process and equal

27  protection rights were violated when the defendants retained him in ASU pending an

28  investigation of a claim by his homosexual cellmate accusing him of rape.  Plaintiff contends

1  that defendants violated his constitutional right under the Fourteenth Amendment and that this

2  situation has caused him great suffering and stress.

3                                         **DISCUSSION**

4  A.    <u>Standard of Review</u>

5            Federal courts must engage in a preliminary screening of cases in which prisoners

6  seek redress from a governmental entity or officer or employee of a governmental entity.  28

7  U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

8  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

9  seek monetary relief from a defendant who is immune from such relief.  <u>Id.</u> at 1915A(b)(1),(2).

10 <u>Pro se</u> pleadings must, however, be liberally construed.  <u>Balistreri v. Pacifica Police Dep't</u>, 901

11 F.2d 696, 699 (9th Cir. 1988).

12           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13 elements:  (1) that a right secured by the Constitution or laws of the United States was violated,

14 and (2) that the alleged deprivation was committed by a person acting under the color of state

15 law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

16 B.    <u>Legal Claims</u>

17           In its earlier order of dismissal with leave to amend, the court identified the basic flaws in

18 plaintiff's complaint and provided plaintiff with thirty days in which to file an amended

19 complaint.  The court specifically notified plaintiff that to state a claim, he needed to set forth

20 specific detailed facts regarding what each defendant did and how the conduct violated his

21 Fourteenth Amendment rights.  The court also explained to plaintiff the legal standard for stating

22 a due process claim implicating a constitutional violation with respect to administrative

23 segregation.

24           **1.     Due Process**

25           The hardship associated with administrative segregation, such as loss of recreational and

26 rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe

27 as to violate the Due Process Clause itself.  <u>See</u> <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1091-92

28 (9th Cir. 1986) (applying <u>Hewitt v. Helms</u>, 459 U.S. 460 (1983)).

1    Prisoners retain their right to due process subject to the restrictions imposed by the nature

2    of the penal system.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Thus although prison

3    disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due

4    a defendant in such proceedings does not apply, where serious rules violations are alleged and

5    the sanctions to be applied implicate state statutes or regulations which narrowly restrict the

6    power of prison officials to impose the sanctions and the sanctions are severe, the Due Process

7    Clause requires certain minimum procedural protections.  Id. at 556-57, 571-72 n.19.

8    The placement of a California prisoner in isolation or segregation as a result of

9    disciplinary proceedings, for example, is subject to Wolff's procedural protections if (1) state

10    statutes or regulations narrowly restrict the power of prison officials to impose the deprivation,

11    and (2) the liberty in question is one of "real substance."  Sandin v. Conner, 515 U.S. 472, 477-

12    87 (1995).  However, placement in segregation pending investigation of disciplinary charges

13    does not implicate a protected liberty interest absent a showing that the conditions of

14    confinement constituted an "atypical and significant hardship . . . in relation to the ordinary

15    incidents of prison life."  Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000) (quoting

16    Sandin).  Typically, placement in segregated housing in and of itself does not implicate a

17    protected liberty interest.  Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).  Mere

18    allegations by a prisoner that he was denied due process in connection with the decision to

19    administratively segregate him do not present a constitutionally cognizable claim,  absent a

20    showing that the specific deprivation at play meets the "real substance" test.  See, e.g., May v.

21    Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

22    Here, plaintiff fails to allege an "atypical and significant hardship . . .  in relation to the

23    ordinary incidents of prison life," nor does he sufficiently allege a lack of proper procedural due

24    process.  As such, plaintiff will be given leave to amend the complaint to allege sufficient facts

25    to cure this deficiency, if he can do so in good faith.

26        **2.    Equal Protection**

27    Plaintiff also seems to be raising a new claim of equal protection.  He alleges that he is a

28    heterosexual and he was unwillingly housed with a homosexual, which violates his equal

1   protection rights and harms him emotionally.  He claims that he is being discriminated against

2   because of his sexual preference.

3          A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or

4   other suspect classification must plead intentional unlawful discrimination or allege facts that are

5   at least susceptible of an inference of discriminatory intent.  Monteiro v. Tempe Union High

6   School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).  To state a claim for relief, the plaintiff must

7   allege that the defendant state actor acted at least in part because of plaintiff's membership in a

8   protected class.  Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003).  Proof of a

9   discriminatory intent or purpose is required to show an equal protection violation.  City of

10  Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S. 188, 193-94 (2003).

11         Where state action does not implicate a fundamental right or a suspect classification, the

12  plaintiff can establish an equal protection claim by demonstrating that he "'has been

13  intentionally treated differently from others similarly situated and that there is no rational basis

14  for the difference in treatment.'"  Squaw Valley Development Co. v. Goldberg, 375 F.3d 936,

15  944 (9th Cir. 2004) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)),

16  overruling recognized by Action Apartment Assn., Inc. v. Santa Monica Rent Control Board,

17  509 F.3d 1020, 1025 (9th Cir. 2007).  The plaintiff may pursue such an equal protection claim by

18  raising a triable issue of fact as to whether the defendants' asserted rational basis was merely a

19  pretext for differential treatment.  Id. at 945-46.

20         Here, plaintiff fails to allege facts specific enough to state a cognizable claim for relief

21  with respect to an equal protection claim.  As such, plaintiff will be given leave to amend the

22  complaint to allege sufficient facts to cure this deficiency, if he can do so in good faith.

23         **3.     Named Defendants**

24         Plaintiff's complaint makes reference to the "defendants," but does not allege any facts

25  describing how each defendant's conduct violated his constitutional rights.  Plaintiff names

26  Counselor C.C.I. Herrera, A.W. Moore, G. Lewis, and Dr. Torres in his complaint as defendants,

27  but again fails to explain how these defendants were specifically involved in any violation of his

28  constitutional rights.

1    For a claim to be cognizable, a plaintiff must "set forth specific facts as to each

2    individual defendant's deprivation of protected rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th

3    Cir. 1988).  A person deprives another of a constitutional right within the meaning of section

4    1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an

5    act which he is legally required to do, that causes the deprivation of which the plaintiff

6    complains. <u>Id</u>. at 633; <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995).

7    Plaintiff must allege facts supporting his claim against each defendant separately in his

8    amended complaint showing his entitlement to relief from each defendant.  Plaintiff should list

9    the constitutional right he has, describe what each defendant did or failed to do, and describe

10    how each defendant's acts or omissions caused him injury.  Plaintiff must be careful to allege

11    facts showing the basis for liability for each individual defendant.  He should not refer to the

12    defendants as a group, i.e., "the defendants;" rather, he should identify each involved defendant

13    by name and link each of them to a specific claim by explaining what each defendant did or

14    failed to do that caused a violation of his constitutional rights.

15    The complaint does not state a cognizable claim against any of the named defendants.

16    Plaintiff will be given leave to amend the complaint to cure this deficiency.

17    **4.    Damages**

18    Plaintiff again seeks relief in the form of monetary damages for his suffering and stress.

19    However, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or

20    other correctional facility for mental or emotional injury suffered while in custody without a

21    prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Prisoner Litigation Reform Act

22    (PLRA) provides that prisoners may recover for mental or emotional injuries suffered while

23    incarcerated only if they first show that they suffered a physical injury.  42 U.S.C. § 1997e(e).

24    Here, because plaintiff does not allege any physical injury, much less *de minimis* injury,

25    his claim for damages based upon his suffering and stress is DISMISSED with prejudice.  <u>See</u>

26    <u>generally</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 630 (9th Cir. 2002) (allowing claims for compensatory,

27    nominal, and punitive damages for other violations of Fourteenth Amendment rights but not for

28    alleged mental or emotional injuries pursuant to § 1997e(e)).

1      Accordingly, the court grants plaintiff leave to file an amended complaint within **thirty**

2 **days** of the date this order to include sufficient facts to support his constitutional claims against

3 each defendant.  Because an amended complaint completely replaces the original complaint,

4 plaintiff must include in it all the claims he wishes to present.  See <u>Ferdik v. Bonzelet</u>, 963 F.2d

5 1258, 1262 (9th Cir. 1992).

6                                    **CONCLUSION**

7      1.      Plaintiff's claim for damages based upon his suffering and stress is DISMISSED

8 with prejudice.

9      2.      Plaintiff's claims are DISMISSED with leave to amend, as indicated

10 above, within **thirty days** from the date of this order.  The amended complaint must include the

11 caption and civil case number used in this order (C 06-2729 RMW (PR)) and the words

12 "SECOND AMENDED COMPLAINT" on the first page.  Because an amended complaint

13 completely replaces the original complaint, plaintiff must include in it all the claims he wishes to

14 present.  See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not

15 incorporate material from the original complaint, such as supporting documentation of his prison

16 administrative appeal, by reference.  Plaintiff must include all of his claims in the amended

17 complaint.

18      The court notes that it originally dismissed plaintiff's complaint because it failed to state

19 a cognizable claim for relief.  In his amended complaint, plaintiff failed to correct his original

20 complaint's deficiencies as ordered by this court on March 2, 2007.  **Failure to file a second**

21 **amended complaint with cognizable claims within the designated time will result in the**

22 **court dismissing the complaint without prejudice for failure to state a cognizable claim.**

23      3.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

24 court informed of any change of address by filing a separate paper with the clerk headed "Notice

25 of Change of Address."  He must comply with the court's orders in a timely fashion or ask for an

26 extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant

27 to Federal Rule of Civil Procedure 41(b).

28   ///

1    IT IS SO ORDERED.

2    DATED: ___10/10/08_____            *Ronald M. Whyte*
                                        RONALD M. WHYTE
3                                       United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.06\Yapundzhyan729dwlta2.wpd 7