1
2
3
4
5                                                      ***E-FILED - 12/9/08***
6
7
8
9              IN THE UNITED STATES DISTRICT COURT
10             FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12   ARMEN YAPUNDZHYAN,            )    No. C 06-2729 RMW (PR)
                                   )
13              Plaintiff,         )    ORDER OF DISMISSAL
                                   )
14       vs.                       )
                                   )
15   D. TRAVERS, et al.,           )
                                   )
16              Defendants.        )
                                   )

17   Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant
18   to 42 U.S.C. § 1983.  On March 2, 2007, this court ordered plaintiff to file an amended
19   complaint because his original complaint failed to state a cognizable due process claim and
20   failed to link the named defendants to the alleged cause of action.  Plaintiff filed an amended
21   complaint on March 30, 2007.  On October 15, 2008, this court ordered plaintiff to file a second
22   amended complaint because his first amended complaint suffered from similar deficiencies as the
23   original complaint.  The court warned plaintiff that failure to comply with the order would result
24   in a dismissal without prejudice for failure to state a cognizable claim.  On November 14, 2008,
25   plaintiff filed a second amended complaint.  For the reasons stated below, the court DISMISSES
26   this case for failure to state a cognizable claim.
27   ///
28   ///

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.06\Yapundzhyan729dis.ftsc.wpd1

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

The court found the original and first amended complaints deficient for several reasons.  The court specifically notified plaintiff that to state a claim, he needed to set forth specific detailed facts regarding what each defendant did and how the conduct violated his Fourteenth Amendment rights.  The court also explained to plaintiff the legal standard for stating a due process claim implicating a constitutional violation with respect to administrative segregation and an equal protection claim implicating a constitutional violation on the basis of sexual preference.

The second amended complaint does not cure the foregoing deficiencies.  It merely requests the court provide protection to potential witnesses in this case and also requests the court to certify this case as a class action of one.  The second amended complaint makes mention of racial discrimination in violation of equal protection, however, such statements are conclusory and do not cure any of the aforementioned deficiencies.

As plaintiff has failed to heed the court's instructions to set forth allegations from which it can be inferred that any of the defendants proximately caused the violation of his constitutional

rights, the second amended complaint does not cure the deficiencies in the original complaint and fails to state a cognizable claim for relief under 42 U.S.C. § 1983.[1]

**CONCLUSION**

Plaintiff's second amended complaint is hereby DISMISSED for failure to state a cognizable claim for relief.

The clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED:  12/5/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[1] As plaintiff did not cure the deficiencies identified by the court when twice granted leave to amend the original complaint, the court finds that granting him further leave to amend would be futile. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (leave need not be granted where amendment constitutes an exercise in futility).